[No. 2,399.]

## ROGERS *v.* TENNANT.

JUDICIAL DISCRETION AS TO INJUNCTIONS. — The dissolution or continuance of an injunction in a case where the answer denies all the allegations of the complaint, is largely a matter of judicial discretion, and unless it appears from the records in the case that the discretion has been abused, the action of the Court will be sustained.

APPEAL MUST BE DETERMINED ON THE RECORD. — An appeal from an order dissolving an injunction must be disposed of on the record as it comes up from below, and the Supreme Court cannot interpolate into it matters occurring in the Supreme Court, such as an order granting a rehearing.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

The complaint filed in the District Court sets out that in October, 1868, a final decree of partition was made, dividing the Rancho Santa Teresa among various alleged tenants in common; that in May, 1868, one Castro, who had not been made a party to the partition proceeding, brought an action of ejectment for the recovery of an undivided one fifty-fifth interest in the ranch; that the judgment below was against Castro, but upon appeal to the Supreme Court that judgment was reversed and Castro's interest was recognized; that by reason of the failure to make Castro a party to the partition suit, the judgment in that suit is inoperative; that under that void judgment the interests which the plaintiffs in this proceeding claim in the ranch were allotted to the present defendants, who threaten to dispossess the plaintiffs. The

complaint asked for an injunction to restrain the defendants from suing out writs of possession against the plaintiffs, and to stay the execution of the decree in partition until the interests of all the tenants in common, including Castro or his vendees, shall have been finally determined. The injunction was granted. Answers were filed, denying in detail the allegations of the complaint, and the defendants moved the District Court, upon the pleadings and papers filed in the cause, that the injunction be dissolved. The motion was granted and the plaintiffs appealed. .

*Spencer*, for Appellants, argued that as the rights of the tenants in common are still in litigation—the Supreme Court having granted a rehearing in the ejectment suit brought by Castro—and as the bill shows that a multiplicity of actions would necessarily result from a dissolution of the injunction, the order dissolving it should be reversed; and cited 31 Cal. 406; 32 id. 590; 27 id. 643; 18 id. 433.

*Houghton & Reynolds*, for Respondent.

The answer denies all the material allegations of the bill relative to the claim, which it is averred renders the partition void, and it was discretionary with the Court to dissolve the injunction or not. The case must be considered on the record before the Court, and it discloses no error indicating an abuse of discretion. It does not show that a rehearing has been granted in the ejectment suit.

By the COURT:      .

The injunction granted by the County Judge in the first instance upon the complaint was dissolved by the District Court upon the coming in of the answers of the defendants, which denied in detail the allegations of the complaint.

From the order dissolving the injunction the plaintiffs appeal. The dissolution or continuance of the injunction in the face of the answers filed was largely a matter of discretion in the Court below at the hearing, and upon looking into the pleadings we cannot, under the recognized rule applicable to such cases, disturb the order. We are urged to consider the result of the litigation lately had here in the case of *Castro* v. *Tennant,* as furnishing a reason why the order dissolving the injunction in this case should be reversed now. But the only question which we can determine is as to whether, *upon the record before it,* the Court below committed an error which ought to be corrected here under the rules governing proceedings upon appeal, and we are not at liberty to interpolate into the record any matter which did not form an element in the case, as it was presented below.

Order affirmed.