[No. 6,043.]

## PARROTT v. FLOYD ET AL.

INJUNCTION—NUISANCE.—The dissolution or continuing in force of a preliminary injunction is a matter largely within the judicial discretion of the Court below; and it is the settled rule in such cases that this Court will not interfere with the action of the lower Court, unless there has been an abuse of discretion.

APPEAL from an order dissolving an injunction, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

The action was to enjoin the construction of a street railroad on California Street, in front of the plaintiff's property, by the North Beach and Mission Railroad Company. The complaint alleged in effect that the ordinance granting the franchise for the railroad was void, and that special damage would thereby accrue to the plaintiff's property.

The other facts are stated in the opinion.

*McAllisters & Bergin*, for Appellant.

The hearing having been had upon affidavit, this Court can judge of the credibility of the evidence as well as the Court below, and is therefore not affected by its decision upon the facts. (*Wilson* v. *Cross*, 33 Cal. 69.) Without dwelling upon the evidence, we submit that the decided preponderance of the evidence is in support of the complaint. The plaintiff is entitled to relief by injunction. (Civ. Code, § 3479; *Schulte* v. *N. P. Trans. Co.* 50 Cal. 592; *Blanc* v. *Klumpke,* 29 Id. 159; *Houch* v. *Waucher,* 34 Md. 265; *Brown* v. *Watson,* 47 Me. 163; *Milhan* v. *Sharp,* 27 N. Y. 625–8; *Francis* v. *Shoelkope,* 53 Id. 154; *Stetson* v. *Faxon,* 19 Peck, 154; 33 Geo. 601; Wood on Nuisance, § 782: *Rode* v. *Groves,* 5 M. & G. R. 613.)

*Cope & Boyd*, for Respondents.

The construction of a railroad on a public street is not a nuisance *per se.* A public nuisance can only be enjoined at the suit of a private party on the ground of a special injury peculiar

to himself, and not extending to the rest of the community. (*Lansing* v. *Smith*, 8 Cowen, 146 ; *Smith* v. *Lockwood*, 13 Barb. 209 ; *Dougherty* v. *Bunting*, 1 Sand. Sup. Ct. 1; *Butler* v. *Kent*, 19 Johns. 223 ; *Aram* v. *Schallenberger*, 41 Cal. 449.) The case is not one of irreparable injury. It is plain that equity will not . interfere in such a case. (*Hobart* v. *Milwaukee City R. R. Co.* 27 Wis. 194.)

Department No. 1, Ross, J.:

Upon the filing of the complaint in this action, a preliminary injunction was issued. The defendants answered, denying all of the equities of the complaint, and afterward moved to dissolve the injunction, basing the motion upon the complaint, answer, and affidavits. At the hearing, the plaintiff filed counter affidavits. The affidavits filed by plaintiff supported some of the averments of the complaint, and those filed by defendants supported some of the denials of the answer. The Court below, after full hearing and consideration, made an order dissolving the injunction, and from that order this appeal is taken.

Inasmuch as the dissolution or continuing in force of a preliminary injunction is a matter largely within the judicial discretion of the Court below, the settled rule in such cases is, that this Court will not interfere with the action of the lower Court, unless there has been an abuse of discretion. (*Rogers* v. *Tenant*, 45 Cal. 186 ; *McCreery* v. *Brown*, 42 Id. 457 ; *Godey* v. *Godey*, 39 Id. 166.)

After a careful examination of the record in this cause, we discover no abuse of discretion in the dissolution of the preliminary injunction. The order is therefore affirmed.

McKINSTRY, J., and McKEE, J., concurred.