Harrison, J., Garoutte, J., Van Fleet, J.

---

[Sac. No. 298.   Department Two.—May 31, 1898.]

## H. MARKS, Respondent, v. WEINSTOCK, LUBIN & CO., Appellant.

121  53
128  585

INJUNCTION—NUISANCE—OBSTRUCTION OF SIDEWALK.—The obstruction of a sidewalk upon a city street, not authorized or justified by a city ordinance, is both a public nuisance and also a private nuisance to persons specially prejudiced and damaged thereby, and such a person may maintain an action for an injunction to abate the obstruction.

ID.—MOTION TO DISSOLVE—INSUFFICIENT AFFIDAVIT—ABSENCE OF PROBATIVE FACTS.—An affidavit upon a motion to dissolve the injunction, to be sufficient, must constitute written proof, and state probative facts; and it must be disregarded as insufficient where it assumes merely to take the place of an answer to the complaint by admitting or denying its allegations, and stating only ultimate facts or conclusions.

ID.—PRELIMINARY INJUNCTION—DISCRETION TO DISSOLVE OR CONTINUE—APPEAL.—The dissolution or continuance of a preliminary injunction is a matter largely within the discretion of the trial court; and its action will not be disturbed upon appeal, unless it appears from the record that its discretion has been abused.

APPEAL from an order of the Superior Court of Sacramento County, refusing to dissolve a preliminary injunction. Matt F. Johnson, Judge.

The facts are stated in the opinion.

Albert M. Johnson, and Hiram W. Johnson, for Appellant.

A. L. Hart, for Respondent.

BELCHER, C.—Upon filing the complaint in this case a preliminary injunction was issued, restraining the defendant from placing or maintaining on the sidewalk of a street in the city of Sacramento a certain obstruction, alleged to have been placed and kept there by defendant maliciously and to the prejudice and damage of the plaintiff. The complaint was duly verified and

stated facts sufficient to entitle the plaintiff to the relief demanded.

Without filing any answer, the defendant moved the court to dissolve the injunction upon several grounds. After a hearing the motion was denied, and from that order this appeal is prosecuted.

The motion was based upon two affidavits which were introduced and read by defendant at the hearing, one made by James Seadler and the other by A. Bonnheim.

The affidavit of Seadler is of no importance, as it simply states the extent of the sidewalk occupied by the obstruction complained of, as alleged in the complaint.

The affidavit of Bonnheim, after stating that he is the secretary of defendant and makes the affidavit for and on behalf of defendant, consists alone of admissions, denials, and allegations as to the facts of the case. It first states that he, the affiant, admits many of the material allegations of the complaint and then proceeds to state at length what the defendant denies and alleges. For example, it is said: "And the defendant denies that it has placed the said structure or showcase upon the said sidewalk maliciously," etc., and "the defendant alleges, on the contrary, that the structure or showcase was constructed by it and placed upon said sidewalk lawfully and for a legitimate purpose," etc. And it is also said: "And defendant further alleges that" in June, 1894, the board of trustees of the city of Sacramento adopted an ordinance, a copy of which is set out, which authorized and justified its action.

We fail to see how this affidavit can subserve the purposes of the defendant. It is not an answer and cannot take the place of an answer. Clearly, the affiant had no power to admit, deny, or allege any fact, and until an answer was filed how could he know what defendant admitted, denied, or alleged? An affidavit is simply and only written proof, taken *ex parte*, of the facts stated in it; and, as in giving oral testimony, the facts stated should be probative, and not ultimate facts or conclusions. We think it must be held, therefore, that the said affidavit was not sufficient to prove the facts attempted to be proved thereby, or to sustain the defendant's motion.

But, waiving this objection, the order of the court should, in

our opinion, be affirmed on other grounds. It is a well-settled rule that the dissolution or continuance of a preliminary injunction is a matter largely within the discretion of the trial court, and its action will not be disturbed on appeal unless it appears from the record that its discretion had been abused. (*Patterson v. Board of Supervisors,* 50 Cal. 344; *Parrott v. Floyd,* 54 Cal. 534; *White v. Nunan,* 60 Cal. 406; *Grannis v. Lorden,* 103 Cal. 472.)

Here it appears from the complaint that the obstruction complained of was a private as well as a public nuisance, for the abatement of which the plaintiff was entitled to maintain an action. And, as shown by the learned judge of the court below in an opinion delivered when the motion was denied, the obstruction was one not authorized or justified by the ordinance relied upon by the defendant.

Under these circumstances, it cannot be said, we think, that the court abused its discretion in denying the defendant's motion.

We advise that the order appealed from be affirmed.

Chipman, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.