SUMNER SAND, in His Own Behalf and in Behalf of All Other
Taxpayers of Scott School District No. 12 of Adams County, State
of North Dakota, Similarly Situated, v. O. F. PETERSON, J. A.
Balsinger, Theo. Lokken, Paul M. Brown, and F. M. Jackson.

(152 N. W. 271.)

**Temporary injunction — pendente lite — not matter of right — discretion — abuse of.**

1. A temporary injunction *pendente lite* is not granted as a matter of right, but the granting or refusal of the same is a matter largely in the discretion of the trial court, and its order will not be disturbed except in case of a clear abuse of discretion.

**Appeal — order — merits of action — supreme court — review in showing — same as in lower court.**

2. On appeal to this court from an order denying a temporary injunction, this court will not pass upon the merits of the main action, but will only review the order appealed from, upon the same showing as was made by the parties in the lower court upon the hearing there had.

**Temporary injunction — application for — allegations of complaint — equities — denied by answer — refusal of application.**

3. Upon the hearing of an application for a temporary injunction, where the allegations or equities of the complaint are positively denied by answer or other proof, the court will ordinarily deny the application.

**Trial court — refusal of application — showing — discretion.**

4. *Held* that, upon the showing made by the parties on the application for the temporary injunction, the trial court was fully justified in denying such temporary injunction, and did not abuse its discretion in making the order complained of.

Opinion filed March 20, 1915.   Rehearing denied April 10, 1915.

Appeal from the District Court, Adams County, *Honorable W. C. Crawford,* Judge.

Action in equity by Sumner Sand against O. F. Peterson, J. A. Balsinger, Theo Lokken, Paul M. Brown, and F. M. Jackson for a permanent injunction.

From an order denying a temporary injunction, *pendente lite* upon return of an order to show cause, plaintiff appeals.

Order affirmed.

*E. C. Wilson* for appellant.

The presumption always is that a school district is common. Laws 1911, chap. 266, § 37.

A school district, being originally common, remains so, until legally organized into a special district. The procedure is purely statutory, and the provisions must be followed. The law requires the petition to be signed by one third of the *"Voters"* in the district. A "resident" is not necessarily a "voter." Dartmouth Sav. Bank v. School Dist 6 Dak. 332, 43 N. W. 822; School Dist. v. Pace, 113 Mo. App. 134, 87 S. W. 580.

The *fact* that one third of the voters have signed the petition must appear *from the petition* affirmatively. Potter v. Trustees of Schools, 10 Ill. App. 343.

Such petition must also give the boundaries of the territory to be organized. 35 Cyc. 837.

Even if it were a *de facto* district, the plaintiff must succeed. Dartmouth Sav. Bank v. School Dist. supra.

The petition for annexation is void on its face, because it fails to recite that the lands sought to be annexed are adjacent to the Hettinger district, and that it was signed by the requisite number of voters. Re Heidler, 122 Pa. 653, 16 Atl. 97; Re Wolfe, 8 Kulp, 181; Potter v. Trustees of Schools, supra.

The posting of notice of hearing on such petition is absolutely jurisdictional. Likewise, the publication, as by law provided. Graves v. School Inspectors, 102 Mich. 634, 61 N. W. 60; Huyser v. School Inspectors, 131 Mich. 568, 91 N. W. 1020; Howard v. Forrester, 109 Ky. 336, 59 S. W. 10; Noble v. White, 25 Ky. L. Rep. 1282, 77 S. W. 678; Re Clearfield Independent School Dist. 79 Pa. 419.

The purpose of annexation is for relief and convenience. 35 Cyc. 856 (3); Re Wolfe, 8 Kulp, 181.

*Paul W. Boehm* and *F. M. Jackson,* for respondents.

The rightful existence of a corporation cannot be raised in a collateral proceeding, or by private individuals. The question can only be raised by the state. 10 Enc. L. & P. 256; St. Paul Gaslight Co. v. Sandstone, 73 Minn. 225, 75 N. W. 1050; Gilkey v. How, 105 Wis. 41, 49 L.R.A. 483, 81 N. W. 120; State v. Fuller, 96 Mo. 165, 9 S. W. 583; Miller v. Perris Irrig. Dist. 85 Fed. 693; Shapleigh v. San

Angelo, 167 U. S. 646, 42 L. ed. 310, 17 Sup. Ct. Rep. 957, and cases cited; 28 Cyc. 174, note 55; Kuhn v. Port Townsend, 12 Wash. 605, 29 L.R.A. 445, 50 Am. St. Rep. 911, 41 Pac. 923.

The order made by the board of education, that the territory be annexed, presumes regularity in all steps in the annexation proceedings. Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N. W. 499; Jones Ev. §§ 41, 42; Bank of United States v. Dandridge, 12 Wheat. 64, 69, 6 L. ed. 552, 554; Nofire v. United States, 164 U. S. 657, 41 L. ed. 588, 17 Sup. Ct. Rep. 212; Hayes v. United States, 170 U. S. 637, 42 L. ed. 1174, 18 Sup. Ct. Rep. 735.

The proceedings were legal and regular in all respects. Redfield School Dist. v. Redfield Independent School Dist. 14 S. D. 229, 85 N. W. 180; Wood v. Bangs, 1 Dak. 179, 46 N. W. 586; Grant County v. Colonial & U. S. Mortg. Co. 3 S. D. 390, 53 N. W. 746.

F. E. Fisk, District Judge. This is an appeal from an order of the district court of Adams county dissolving a temporary restraining order and refusing to grant a temporary injunction upon a hearing of an order to show cause why a temporary injunction should not issue *pendente lite.*

The material allegations of the complaint are as follows:

1. "That prior to January 25, 1913, defendants formed and associated themselves together under the name and style of 'the Board of Education of Hettinger School District No. 13.'

"2. That Hettinger school district No. 13 is, and has been during all of the times hereinbefore referred to, a common-school district of said county, principally comprised of township 129 of range 96.

"3. That it is not possible for said common-school district to have a board of education, nor never has been, nor were any of said defendants ever elected or appointed as members of any such board. That such school district is, and always has been, governed by a district-school board consisting of three members.

"4. That township 129 of range 95 of said county is called 'Scott school district No. 12.'

"5. That plaintiff is a resident, legal voter, and taxpayer of said county and Scott school district, and the owner of 146 acres of land therein, and an undivided half of another tract of land of 160 acres,

all within the limits of such district, and also a large amount of personal property.

"6. That at a special meeting of said defendants on January 25, 1913, there was an application in writing presented to them under their fictitious name of 'the Board of Education of Hettinger School District No. 13' in words and figures, to wit:

'Hettinger, N. D., January 18, 1913.

We, the undersigned, legal voters of and within the territory hereinafter described, do hereby petition the Honorable Board of Education of Hettinger School District No. 13 of the state of North Dakota to attach and embrace for school purposes, to the said Hettinger school district No. 13, the following described territory lying and being in the county of Adams and state of North Dakota, to wit:   All of sections 6, 7, 8, 18, 17, 19, west half and the northeast quarter of section 20; west half of the northeast quarter and the northeast quarter of the southeast quarter of section 20; west half of section 30; north half of northwest quarter, southwest quarter of northwest quarter of section 29; west half of the northwest quarter, west half of the southwest quarter section 16; southwest quarter of the northwest quarter, west half of southwest quarter section 9; west half of northwest quarter, southeast quarter of northwest quarter, and the southwest quarter of section 5, all in township 129 north, range 95 west, fifth principal meridian.'

[9 signatures attached].

"That thereupon said defendants, unlawfully assuming to act as and under their said fictitious name of 'the Board of Education of Hettinger School District No. 13,' pretended to grant the prayer of said application without any notice of hearing, and on the 26th day of February, 1913, made, issued, and entered upon the records of said district-school board an order in form, attaching and annexing said territory to said Hettinger school district No. 13 for school purposes, without either publishing or posting notices of hearing.

"7. That said defendants are now threatening and making preparations to further their unlawful purpose of annexing said territory to said Hettinger school district, and they as said pretended board of education are about to unlawfully select and appoint an arbitrator, and to cause the district-school board of said Scott school district to likewise select an arbitrator, and to then cause said two arbitrators and the

county superintendent of schools of said county to act as a board of arbitration and to unlawfully effect an equalization of property, funds on hand, and debts as between said two school districts, and to thereby deprive this plaintiff of his property, school privileges, and advantages naturally belonging to him and to his said land, and to burden him and his property with debts and heavy taxation, and thereby do him an irreparable injury, for which he has no adequate remedy at law.

. . . . . . . . .

"8. That much of said territory is more than 3 miles distant from the central school of said Hettinger district.

. . . . . . . . .

"9. That the purpose of said annexation is to obtain from and to deprive said Scott school district of its taxes for school purposes, and to bring more property for taxing purposes within the limits of said Hettinger district. That the signers upon said application are not the real parties in interest, but the entire plan and purpose of said annexation is that of said defendants, and they are using said signers as the means and instruments to effect such annexation under color of right, and in taking advantage of the depopulated condition of said territory outside of said sections 6, 7, and 18.

"That none of the signers of said application are residents of said Scott school district, nor are any of them voters therein for school purposes, nor were they at the time of said signing."

This complaint was duly verified by the plaintiff, and, together with the following affidavit of plaintiff's attorney, E. C. Wilson, constituted the basis for the issuance of the order to show cause and the temporary restraining order, and was the only proof offered by plaintiff upon the hearing of such order to show cause, which resulted in the order complained of being made.

Affidavit.—"E. C. Wilson, being duly sworn, says that he is the attorney for the plaintiff in the above-entitled action, and as such drew the accompanying complaint therein; that he has had under consideration from a legal standpoint all of the acts and proceedings leading up to and forming the basis of the actions threatened to now be done by said defendants, and he has fully and carefully examined as to the validity of all proceedings, and all of the records in the various proceedings attempted to be had and leading up to the present threatened ac-

tions, and he is fully convinced that the allegations contained in said complaint are true and the conditions are as therein alleged. That he hereby adopts said complaint as a part of this affidavit, and constitutes as a part hereof all of the allegations of such complaint, as fully as though they were specifically set out and reiterated herein."

The defendants answered jointly, admitting the allegations of paragraphs 1 and 4, and denying the other portions of such complaint. They further allege that plaintiff is not a resident of, or property holder in, the territory sought to be annexed. They then plead a further defense by affirmatively alleging the regularity of the proceedings by which Hettinger school district No. 13 was organized into a special school district on May 2, 1911; that the defendants are the duly elected members of the board of education; that said school district has been governed by a board of education since July 11, 1911, and that such board has transacted all of the business of said school district since its organization.

They further allege the presentation to said board of an application substantially as set forth in ¶ 6 of the complaint, signed by 9 out of 10 school voters residing within said adjacent territory, and allege further the various acts of the board of education leading up to the annexation of the territory in question.

This answer was verified positively by all of the defendants, and in addition thereto, upon the hearing of the order to show cause, the defendants made written return, to which were attached certified copies of the records and proceedings regarding the organization of Hettinger special school district, and also the annexation of the adjacent territory to said district.

The granting or refusal of a temporary injunction is a matter largely in the discretion of the trial court, and its order will not be disturbed except in case of a clear abuse of discretion. 22 Cyc. p. 748, and cases cited.

It is not granted as a matter of right, but the application is addressed to the sound discretion of the court, which is to be exercised according to the circumstances of the particular case. High, Inj. ¶ 11.

From the printed briefs and oral arguments of counsel in this case, it appeared to the writer that they expected this court, upon this appeal, to pass upon the merits of the main action, and, if that be true, they

are mistaken. This court is limited to a review of the order denying the temporary injunction, and in such review will be governed solely by what appears from the allegations of the complaint and affidavit in support thereof on the part of plaintiff, and the answer and return on the part of defendants.

In Beaudry v. Felch, 47 Cal. 184, the court used the following language: "It is claimed by counsel for appellant that the decision of this court upon the order granting the temporary injunction has become the law of the case, and must now control the decision upon this appeal. That decision determined nothing as to the merits of the case. It held only that the complaint, assuming its allegations to be true in point of fact, was sufficient to support the injunction, and that, even if all the allegations were denied by the answer, the question of granting or refusing the injunction was one calling for the exercise of the sound discretion of the court below." Also the following language is found in Santa Cruz Fair Bldg. Asso. v. Grant, 104 Cal. 306, 37 Pac. 1034: "There are many cases in which the complainant may be entitled to a perpetual injunction on the hearing, where it would be manifestly improper to grant an injunction *in limine*. The final injunction is in many cases matter of strict right, and granted as a necessary consequence of the decree made in the case. On the contrary, the preliminary injunction before answer is a matter resting altogether in the discretion of the court, and ought not to be granted unless the injury is pressing and the delay dangerous."

Upon the hearing of an application for a temporary injunction, the rule appears to be that where the allegations or equities of the complaint are positively denied by answer or other proof on the part of the defense, the court will ordinarily deny the temporary injunction.

Marks v. Weinstock, 121 Cal. 53, 53 Pac. 362; Grant County v. Colonial & U. S. Mortg. Co. 3 S. D. 390, 53 N. W. 746, and cases cited; 22 Cyc. 987, and cases cited.

Applying the foregoing well-settled rules to this case, we have no hesitancy in reaching the conclusion that the learned trial court kept well within its discretion in denying the temporary injunction.

The reason upon which we largely base our decision is that by the answer and return of defendants they have denied positively the principal allegations and equities of the complaint, each of the five defend-

30 N. D.—12.

ants making the same denials and allegations as against the plaintiff alone. Further than this it affirmatively appears that Hettinger school district No. 13 has been governed by the defendants, who were at least acting as the board of education under some color of right, since in the spring of 1911, and no objection has been made thereto until this action was commenced about two years later. During that period such board has transacted all of the business and performed all of the duties of a board of education. Under the rule announced in Greenfield School. Dist. v. Hannaford Special School Dist. 20 N. D. 394, p. 399, 127 N. W. 499, there might be a serious question upon the final hearing as to whether or not the plaintiff could at this late hour question the organization of said district into a special district. Then, again, perhaps upon the final hearing the plaintiff would not be allowed to question the purported organization of Hettinger special school district in this proceeding.

From the showing made by defendants it would appear that their acts and proceedings relative to the annexation of the lands which is sought to be enjoined were regular on their face, providing they had authority to act as "the Board of Education of Hettinger School District," and in that event no injunction should be granted, either temporary or final.

In view of what has heretofore been said, and the showing made upon the hearing of the order to show cause, the order appealed from was correct and fully within the court's discretion, and the same is therefore in all things affirmed.

BURKE, J., not participating, F. E. Fisk, District Judge, sitting by request.

On Petition for Rehearing (Filed April 10, 1915).

F. E. FISK, District Judge. Appellant has filed a petition for rehearing, in which he complains, first, that questions decisive of the case and duly submitted by counsel have been overlooked by the court; and, second, the decision is in conflict with controlling decisions to which the attention of the court was not called, neither in the briefs nor oral argument, and which decisions have been overlooked by the court.

Counsel cites the case of Bissel v. Olson, 26 N. D. 60, 143 N. W. 341, as being a case overlooked and an authority in his favor. We cannot construe that case as an authority for appellant herein. We consider it quite in line with our holding in this case wherein we stated as follows: "The granting or refusal of a temporary injunction is a matter largely in the discretion of the trial court, and its order will not be disturbed except in case of a clear abuse of discretion."

The following language is found in the case of Bissel v. Olson: "This appeal was only argued for plaintiff by counsel appearing *amicus curiæ;* and he submits no extended brief on the merits, but seems to rest his contention upon the lower court, having exercised its discretion in granting this temporary restraining order, which also commands the destruction of the bridge. We should be disposed to go some ways to sustain the action of the lower court in a matter largely within its discretion, had it not entered a mandatory order destroying the property of the defendant before the trial of the action upon the merits, or in case of grave doubt on the showing made. . . . It should be a strong case which warrants the trial court in granting a mandatory injunctional order for the destruction of property, pending the trial of an action upon its merits."

In the present action the defendants claim to be duly elected public officers, and claim, further, that they were doing nothing outside of the duties imposed upon them by virtue of their offices which they claim to hold, and claim that the plaintiff is attempting to prevent them from so doing, and the lower court refused to grant a temporary injunction to restrain them pending the hearing of the action upon the merits. It is a well-settled rule that the interests of the public are to be taken into consideration by the court in the granting or refusal of a temporary injunction; and when the issuance of an injunction will cause serious public inconvenience or loss without a correspondingly great advantage to the complainant, no injunction will be granted; and counsel is in error when he says that this case does not come within the general rules as announced in the opinion relative to the granting or refusal of temporary injunctions and the wide latitude and discretion of the trial courts in such matters.

Counsel says that the case of Marks v. Weinstock, 121 Cal. 53, 53 Pac. 362, does not support the rule announced just preceding such cita-

tion in the main opinion, and in this counsel is correct. This citation was inadvertently placed improperly in the opinion, and should have followed the citation of 22 Cyc. 748 as supporting the rule announced just preceding such citation, and the opinion in the case will be corrected to the extent of placing this citation at such place. There are, however, many California decisions which support the rule announced as follows: "Upon the hearing of an application for a temporary injunction the rule appears to be that where the allegations or equities of the complaint are positively denied by answer or other proof on the part of the defense, the court will ordinarily deny the temporary injunction," such authorities being found in 22 Cyc. 987.

Counsel says in his petition that there are exceptions to this rule, and cites a number of cases in support of such exceptions. We do not claim that there are not exceptions to the general rule as announced, and this only goes to show that the discretion granted the trial courts in granting or refusing temporary injunctions where the relief sought is preventive, is a wide discretion, and that in some cases, where the averments of the complaint are positively denied by the answer, courts have granted the temporary injunction, and it has been held to be no abuse of discretion; on the other hand, a large number of cases will be found, following the general rule announced in the main opinion.

Counsel suggests a modification of the opinion, claiming it is a little misleading as to the facts, though not material to affect the final result, by reason of the fact that in the main opinion we proceeded upon the theory that no temporary injunction was granted. Counsel all the way through this case, in his briefs and petition for rehearing, has proceeded upon the theory that a temporary injunction was in fact issued, and, while we thought of calling his attention to this in the main opinion, we did not do so, as we deemed it unnecessary to any material question to be decided. We, however, cannot construe the order made by the district court as a temporary injunction.

At the commencement of this litigation there was presented to the district judge the verified complaint and an affidavit upon which was issued by the court an order. This order is directed to the defendants, and orders them, until the further direction of said court, to desist and refrain from doing the acts complained of, and further orders that on the 8th day of April, 1913, at 10 o'clock in the forenoon, they show

cause before the court why said order and injunction should not continue and be in force until the final determination of the suit on the merits. This order was dated the 14th day of March, 1913. Upon the hearing of this order to show cause, the order complained of, and from which this appeal was taken, was made, and while it is labeled, "Order vacating injunction," in legal effect it amounts to nothing more nor less than an order denying a temporary injunction and vacating the temporary restraining order. If the order issued in the first place had been a temporary injunction issued without notice, the same would have enjoined the defendants from doing any of the acts complained of until the final determination of the action upon the merits, and would not have cited them to show cause some three weeks later why the same should not be continued in force until the final determination of the action upon the merits. See State ex rel. Plattsmouth Teleph. Co. v. Baker, 88 N. W. 124, and 22 Cyc. 745, 746.

From the very reading of the order issued in the first instance, it is apparent that the district court intended to give the defendants an opportunity to be heard before making an injunctional order effective throughout the entire litigation, because the reading of the order requires defendants to show cause, if any they have, why they should not be restrained by the continuing of said order in force until the determination of the action upon the merits, and this in legal effect was nothing more than a temporary restraining order upon an order to show cause under § 7533, Comp. Laws 1913.

Again, counsel criticizes the language used, which he says nearly amounts to a holding that when this action comes on for trial on the merits the plaintiff would be estopped as was the plaintiff in the case of Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 394, 127 N. W. 499. The questions which we decided in the opinion in this case are contained in the syllabus, and what was said in regard to the question of estoppel, and the question of the regularity of the proceedings was said not as deciding this case upon the merits or of going into the merits of it, which we expressly declined to do at the outset of the opinion, but was only said as illustrative of the various phases which the trial court may have had in mind in passing upon the question of whether or not a temporary injunction should issue *pendente lite,* and in using his discretion in making the order complained of.

Counsel also states that in this action "the injury is pressing and the delay dangerous." We do not know what condition the calendar of the district court of Adams county is in, but it is more than two years since this action was commenced, and the law provides for two terms of court a year in Adams county; and it seems to us that there certainly must have been an opportunity for counsel to have had this case tried on the merits during the past two years, had the injury been as pressing and the delay as dangerous as he would now have us believe.

The petition for rehearing is denied.