[Civ. No. 2070.    Third Appellate District.—January 28, 1920.]

## SAMUEL L. SCHWARTZ, Appellant, v. P. A. H. ARATA et al., Respondents.

[1] Injunction—Action Involving Possession of Property—Source of Title—Application for or to Dissolve Restraining Order—Pleading.—On an application for a restraining order or an application to dissolve such an order, where previously made, affecting the right of the party in possession to use a given property pending the determination of the question of ownership or the right to the possession of the same as between litigants in an action brought for that purpose, it is not indispensably essential that the source of a party's title to the property should be shown. It is sufficient, if the court before which it is made accepts it, if it be made to appear therefrom that the party making the application denies the adversary party's ownership of or right to the possession of the property as to which the application for a preliminary injunction or the dissolution of a restraining order is made, and it further is likewise made satisfactorily to appear that the applicant for or against the temporary relief sought has some claim of right to the property involved or the possession thereof.

[2] Id.—Discretion of Trial Court.—Whether in a particular case a restraining order or an injunction *pendente lite* should be granted or refused is a matter resting largely in the discretion of the trial court before which the application is made and heard.

[3] Id.—Extraordinary Power of Trial Court—When Properly Exercised.—The power to grant temporary or provisional relief to litigants by way of a preliminary injunction is an extraordinary power and is to be exercised always with great caution, and in those cases only where it fairly appears upon all the papers presented that the plaintiff will suffer irreparable injury if it be not issued, or that it is necessary to preserve the estates of the parties, or some sufficient cause showing that need of hasty action exists.

[4] ID.—RESISTANCE TO MOTION — VERIFIED ANSWER OR AFFIDAVITS SUFFICIENT SUPPORT.—Resistance to a motion for a preliminary injunction pending the determination of the litigation may be supported either by a verified answer or by affidavits.

[5] ID. — REFUSAL OF PRELIMINARY INJUNCTION — DISCRETION NOT ABUSED.—In this action involving the right of possession of certain lands from which the defendants were extracting minerals, the defendants, by their affidavits, having disputed the plaintiff's ownership and right of possession of the property and set forth their own right of possession, and reinforced such declaration by the further statements, which were not denied, that, with the actual knowledge of plaintiff for several months prior to the hearing of the application for the preliminary injunction, they had expended large sums of money in equipping the property with machinery and other works so that the mineral ore therein deposited could be properly and profitably extracted therefrom, and that they were solvent and able to respond in damages should judgment be had against them, the trial court did not commit an abuse of discretion in refusing to grant a preliminary injunction and in dissolving the temporary restraining order.

APPEAL from an order of the Superior Court of San Luis Obispo County dissolving a restraining order and denying a motion for an injunction *pendente lite*. T. A. Norton, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Ricketts for Appellant.

C. P. Kaetzel for Respondents.

HART, J.—The appeal is by the plaintiff from an order dissolving a restraining order and denying a motion for an injunction *pendente lite*.

This complaint is verified and is in two counts. In the first thereof it is stated that one Charles Margaroli is the owner of certain land in the county of San Luis Obispo; that, on August 14, 1917, said Margaroli "let the said premises to plaintiff for ten years from said day; that the defendants withhold possession thereof from the plaintiff, to the

5. Distinction between temporary restraining order and temporary injunction, note, Ann. Cas. 1917B, 123.

great, damage of the plaintiff in the sum of five thousand dollars.''

In the second count, the allegations of the ownership and letting of said premises are repeated, and it is then alleged that the sole value of the land is for the mineral deposits therein contained; that the defendants withhold the possession thereof from plaintiff; that they had invaded and were invading the mining excavations made therein by the plaintiff's predecessors in interest; that they threatened to continue to invade said excavations, to extend the same and make other excavations in said land for the purpose of mining the said premises; and that they had converted and were converting and threatening to continue to convert the mineral deposits therein to their own use against the will and consent of plaintiff and to his irreparable injury.

Upon the filing of the complaint an order was granted restraining the defendants from mining upon the premises described in the complaint and an order to show cause why an injunction *pendente lite* should not issue was made.

In opposition to the motion there was filed an affidavit of defendant, Arata. It was therein denied that Charles Margaroli was the owner in fee simple of the premises in question, and it was stated that defendants are the owners of all minerals in said lands and are entitled to the possession of said lands for the purpose of extracting ore therefrom and have been so entitled to possession for more than fifteen months last past, at which time they commenced mining operations which have been continuously prosecuted; that they have expended in the improvement and development of said mine large sums of money, and that the same has been made a valuable producing mining property by their said work and expenditures; that for several months last past plaintiff and said Margaroli had actual knowledge of said mining operations and made no objections thereto; that the continuance of said mining operations would not impair the value of said mining ground but would enhance the value of the same and would not destroy the value and substance of said mining ground; that unless defendants are permitted to continue their work and care for said mine it will, by the caving of tunnels and the falling of earth, become impossible to work and ''defendants' work and improvements thereon will be ruined and lost, said mine will

become unworkable, and they will suffer damage to the extent of twenty-five thousand dollars or fifty thousand dollars.

"That the market price of the ore [chromate of iron] produced from said mine is at present high, but that the present price thereof is due to war conditions and may at any time drop, and that said mine cannot be operated at a profit should said price fall to the point it was before the commencement of the present European war. That it is greatly to the advantage of the owners of said mine that as much as possible of said ores be extracted and sold while the price is high; that great loss will be sustained by defendants and their entire investment doubtless be lost if they are prevented from operating said mine during the present period of high prices. That defendants are solvent and able to respond in damages should judgment be had against them."

A hearing was had, at which the restraining order was dissolved and the application for a temporary injunction denied.

[1] The defendants do not assert that they claim ownership of the lands in dispute, nor is it made to appear from the affidavit filed by them in support of their application to dissolve the restraining order and of their opposition to the motion for an injunction *pendente lite* in what way or from what source they obtained the right to the possession of the property in controversy for the purpose of extracting therefrom the minerals deposited in said lands or how they acquired ownership of the said minerals. But we deem this immaterial, as we can conceive of no reason why the *source* of a party's title to property should be shown on an application for a restraining order or an application to dissolve such an order, where previously made, affecting the right of the party in possession to use such property pending the determination of the question of ownership or the right to the possession of the same as between litigants in an action brought for that purpose. As to this feature of a showing for or against the issuance of a restraining order or the granting of an injunction *pendente lite,* it is sufficient, if the court before which the application is made accepts it, if it be made to appear therefrom that the party making the application denies the

adversary party's ownership or of right to the possession of the property as to which the application for a preliminary injunction or the dissolution of a restraining order is made and it further is likewise made satisfactorily to appear that the applicant for or against the temporary relief sought has some claim of right to the property involved or the possession thereof. Hence, we repeat, it is not indispensably essential that in an application for such preliminary relief the party making it should disclose the source of his title to the fee in the property, if he has such title, or how his right to the possession thereof arose. The affidavit of the defendants in the present case, upon which the court below manifestly predicated its order dissolving the restraining order previously made and refused to grant a preliminary injunction, unequivocally states that the defendants have for a long period of time prior to the institution of this action had rightful possession, and still have such possession, of the lands in controversy and the right to extract mineral ores therefrom. It is further shown by said affidavit other facts, of which a fair synopsis is given above, and which, therefore, need not be specifically repeated here, which not only tend to show that irreparable injury to the physical properties of the mine, but to the defendants in a financial way, would inevitably ensue from an order stopping the operation of the mine by the defendants. It is likewise further shown, it will be noted, that the plaintiff, for several months prior to the filing of the affidavit by defendants, had actual knowledge of the working of the mine by the defendants and the large expenditures of money made by the latter in making improvements and furnishing mechanical and other equipments essential to the proper and profitable operation of the mine.

To hold that the court below erred in its action dissolving the restraining order in this case and refusing to order a preliminary injunction, it would be necessary for us to declare that the court abused its discretion in that regard. Upon the showing made by the defendants, we cannot say that the order dissolving the restraining order and refusing further to tie the hands of the defendants involved an abuse of the discretion committed to trial courts in such a proceeding.

[2] It is as firmly settled as is any rule of law that whether in a particular case a restraining order or an injunction *pendente lite* should be granted or refused is a matter resting largely in the discretion of the trial court before which the application is made and heard. (See *Raub* v. *Los Angeles T. Ry. Co.*, 103 Cal. 473, [37 Pac. 374]; *Rogers* v. *Tennant*, 45 Cal. 184; *Patterson* v. *Board of Supervisors*, 50 Cal. 344; *Parrott* v. *Floyd*, 54 Cal. 534; *White* v. *Nunan*, 60 Cal. 406; *Porters Bar Dredging Co.* v. *Beaudry*, 15 Cal. App. 751, 754, [115 Pac. 951].) [3] The rule as thus stated results from the extraordinary nature of the power to grant temporary or provisional relief to litigants by way of a preliminary injunction and the consequences following from the exercise of such power. It is an extraordinary power, and is to be exercised always with great caution and in those cases only where it fairly appears "upon all the papers presented, before such injunction is granted, that the plaintiff will suffer irreparable injury if it be not issued, or that it is necessary to preserve the estates of the parties, or some sufficient cause showing that need of hasty action exists." (Joyce on Injunctions, sec. 109.) The power, therefore, should rarely, if ever, be exercised in a doubtful case. "The right must be clear, the injury impending and threatened, so as to be averted only by the protective preventive process of injunction." (*St. Louis S. F. M. Co.* v. *Sanitary S. F. Co.*, 161 Fed. 725, [88 C. C. A. 585]; *Willis* v. *Lauridson*, 161 Cal. 106, 117, [118 Pac. 530].)

The court below was within its rights in concluding that it was at least very doubtful whether the power should be exercised in behalf of the plaintiff here. The court could also well conclude from the showing that there was no need for hasty action, and that, since it was made to appear that the defendants are solvent and able to respond in damages for any injury which the plaintiff might suffer, the element of "irreparable injury" was wanting as the basis for the provisional injunctive relief prayed for.

The very early case of *Real Del Monte M. Co.* v. *Pond M. Co.*, 23 Cal. 83, closely resembles this in its facts. Therein the main ultimate question involved was as to the ownership of a certain quartz ledge which the defendants were working. A temporary injunction had been granted

on the complaint, and upon the filing of their answer, deny-
ing the averments and, therefore, all the equities of the
complaint, the defendants moved for an order dissolving
the preliminary injunction, which motion the trial court
disallowed. On an appeal from the order denying the
motion, the supreme court, by its opinion, by Crocker, J.,
reversed the order, saying: "It appears that the defend-
ants have been in possession of the quartz ledge in ques-
tion for several months, have expended large sums of money
in developing and working the same, and were, at the time
of the granting of the injunction, and had, for some time
previously, been working the mine as their own. In such
case it requires a very clear and strong showing to induce
a court of equity to grant or sustain an injunction to stop
the work. There must be an urgent necessity, and, as a
general rule, the title and right of the plaintiffs should be
shown to be clear, well-established, and not in dispute. The
application should also be made promptly, and not delayed
until large expenditures have been made by the defendants.
(*Clavering* v. *Clavering*, 2 P. Wms. 388; *Anonymous*, Amb.
209, 18 Ves. 515; *Norway* v. *Rowe*, 19 Ves. 144; *Field* v.
*Beaumont*, 1 Swanst. 203; *Hilton* v. *Granville*, 1 Craig & P.
283.)"

The similarity between the above and the present cases
is manifest. Here, as there, the restraining order was based
entirely on the complaint. Here, as there, the ownership
of the plaintiff of the property and his claimed right to
possession are disputed, and, therefore, cannot be said to be
clear and well established. Here, as there, the plaintiff,
although for several months in possession of actual knowl-
edge of the operation of the mine by the defendants, did not
proceed against the latter until they had expended large
sums in the improvement of the property for the purpose
of facilitating the proper operation of the mine. In other
words, the plaintiff delayed asking for the provisional relief
involved in the temporary restraining order and in an in-
junction *pendente lite* until large sums had been, with his
knowledge, expended by the defendants in the equipment of
the mine for its proper operation as such.

[4] But it is intimated by counsel for the appellant
that resistance to a motion for a preliminary injunction
pending the determination of the litigation must be sup-

ported by a verified answer, and cannot be supported by affidavits only. We see no merit in the point and nothing in the cases cited by the appellant which supports it.

Section 527 of the Code of Civil Procedure provides that an injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits, if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefor. Thus it will be observed that an application by a plaintiff for a preliminary injunction may be made either upon his verified complaint or upon affidavits, and upon principle, since the matter is one merely of evidence, we can see no reason for holding that the section does not contemplate that the defendant is entitled to resist the application by either means—that is, either by a verified answer or by affidavits. But the same section goes further and expressly declares that "the defendant may, in response to such order to show cause (the order requiring cause to be shown why the preliminary injunction should not be granted), present *affidavits* relating to the granting of the preliminary injunction." This identical point was touched upon in *Gagliardo* v. *Crippen*, 22 Cal. 362, which was an appeal from an order granting a preliminary injunction. The injunction there was granted on the verified complaint, to which reply was made by defendants in the form of an affidavit. The court, in reversing the order, said: "So far as the merits are concerned, we think the injunction was improvidently granted. The allegations of the complaint *are fully and specifically controverted by the affidavits.* It is claimed that the complaint itself is insufficient, but as the equities, whatever they may be, are denied, it is unnecessary to pass upon the objections to the complaint." The subsequent cases generally, so far as we are advised, have regarded it competent to support resistance to a motion for an injunction *pendente lite* by affidavits only. Indeed, we are of the opinion that, so far as proof of facts relating to the question is concerned, affidavits would be more satisfactory than the averments and denials of the pleadings, inasmuch as the facts stated in a complaint are the ultimate and not the probative facts and the answer merely is a denial of those facts, whereas the facts stated in an affidavit are required to be probative. It has always been the rule that where a

preliminary injunction is granted on a complaint unsupported by affidavits or an affidavit and an answer is filed denying all the equities of the complaint, a motion based upon the pleadings in such case to dissolve the injunction will be granted (*Real Del Monte M. Co.* v. *Pond M. Co., supra; Willis* v. *Lauridson, supra*) ; and this must follow from the fact that the court granting such injunction is then without sufficient *proof* before it to justify the exercise of so extraordinary a power.

[5] The appellant, in his somewhat elaborate brief, cites a large number of cases and other authorities as supporting his position that the court erred or abused its discretion in refusing to grant a preliminary injunction and in dissolving the temporary restraining order. But the facts in the cases referred to will be found, upon examination, radically at variance with those of the case at bar. We may refer specifically to two of the cases only so cited —the principal ones relied upon by appellant—as illustrative of the distinction between this and all the cases mentioned in counsel's brief. In *Hunt* v. *Steese,* 75 Cal. 620, [17 Pac. 920], the plaintiff acquired title to the lands in controversy by deed from the Central Pacific Railroad Company on June 5, 1883, the said lands being portions of a grant from the government to said company and held by said company under a patent from the government to the company, dated February, 1875. The plaintiff went into possession of the land in the year 1877, and remained in peaceable, undisputed, and uninterrupted possession thereof and used the same for grazing purposes until the fall of 1884, when the defendants, claiming the lands to be mineral, and filing a notice of location of the same for mining purposes, began digging up and washing away good soil on the lands without authority from plaintiff. The title of plaintiff to the lands was shown by documentary evidence and his possession and use thereof for grazing purposes by his own testimony. The complaint disclosed the nature and the extent of the injury which the defendants had done and threatened to continue to do to the lands by digging the same up, building reservoirs and digging ditches thereon, and plowing up the soil. It was alleged that the defendants were insolvent; that the lands are valuable for agricultural and grazing purposes, and thus it was clearly shown that

the plaintiff had suffered irreparable injury by the trespasses of the defendants and would continue to suffer such injury if the trespasses were not restrained. The defendants did not answer the complaint, but by affidavits and oral testimony were permitted to show the mineral character of the lands. They did not deny that they were washing away the soil for gold, or that they were insolvent, or that they intended to continue their mining operations, or that the injury was and would be irreparable. The attack upon the patent in that case was clearly collateral, but the court said it was unnecessary for it to determine therein whether ''we shall adhere to the rule of decision that a patent may be collaterally attacked under such circumstances.'' It was held, however, that the injunction should have been issued in that case, and that the court below, upon the showing presented, had abused its discretion by refusing plaintiff a preliminary injunction. It is to be noted that in that case the vital question upon the merits was as to the character of the lands in dispute—whether they were mineral or nonmineral. Upon the determination of that issue rested the rights of the parties. If mineral in character—that is, if more valuable for mining than for agricultural or grazing purposes—then, so the defendants claimed, the lands were not within the patented grant to the railroad company. That issue called for a much fuller trial or investigation than could be expected in an ancillary or interlocutory proceeding looking to provisional relief. The patent or deed to the plaintiff constituted *prima facie* evidence of title, and the most that was shown by the defendants in impeachment of said title was that the lands, at the time of the application for the injunction and prior to the issuance of the patent, ''were valuable for mining purposes *when water could be had to work it*,'' and ''it was shown that after 1864 there was no water there to work with, except from rains,'' and that ''it took very heavy rains to accumulate water sufficient to amount to anything.'' Under all these circumstances, it was clearly the duty of the court to protect the *prima facie* title or right of plaintiff to the lands through the preventive power of injunction pending the determination of the ultimate question whether the lands were mineral or agricultural in character, and the burden was upon the defendants to show that the *prima facie* title of

plaintiff was in fact an insufficient title. In the case at bar, the defendants were and are not only in possession, but declared under oath that they had the right of possession, and reinforced their sworn declaration to that effect by the statement, undenied, that, with the actual knowledge of plaintiff for several months prior to the hearing of the application for the preliminary injunction, they (defendants) had expended large sums of money in equipping the property with machinery and other works so that the mineral ore therein deposited could be properly and profitably extracted therefrom.

The other case referred to—*Marks* v. *Weinstock, Lubin & Co.*, 121 Cal. 53, [53 Pac. 362]—merely holds that the affidavit of the secretary of the corporation defendant, which was filed before an answer to the complaint was interposed, and which consisted entirely of admissions and denials and statements of ultimate facts or conclusions, was not an answer and was, as an affidavit, wholly insufficient to controvert the allegations of the complaint, upon which a preliminary injunction was granted. The supreme court, *inter alia,* said: "Clearly, the affiant had no power to admit, deny, or allege any fact, and until an answer was filed, how could he know what defendant (the corporation) admitted, denied, or alleged? An affidavit is simply and only written proof, taken *ex parte,* of the facts stated in it; and, as in giving oral testimony, the facts stated should be probative and not ultimate facts or conclusions. We think it must be held, therefore, that the said affidavit was not sufficient to prove the facts attempted to be proved thereby, or to sustain the defendant's motion," which was a motion to dissolve a preliminary injunction.

In this case, as has been shown, the affidavit was made by one of the defendants, and, while the statement therein as to the right of the defendants to the possession of the property may in a measure involve an ultimate fact or conclusion, said statement is aided and supported by the statement in the affidavit that the defendants "more than fifteen months last past commenced mining operations thereon [said property], having continuously prosecuted the same thereafter up to the commencement of this action, and have extensively improved the same so as to make it capable of production," etc.

Thus it will readily be perceived that there is a pronounced distinction between the case of *Marks* v. *Weinstock, Lubin & Co.* and the instant case as to the facts.

We conclude, as declared above, that, upon the record before us, we cannot justly say that the court, by dissolving the temporary restraining order and refusing to grant an injunction *pendente lite,* abused its discretion.

The order appealed from is accordingly affirmed.

Ellison. P. J., *pro tem.,* and Burnett, J., concurred.