[No. H036365. Sixth Dist. Mar. 30, 2011.]

JERRY B. EPSTEIN et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
EDMUND G. BROWN, JR., as Governor, etc., et al., Real Parties in
Interest.

COUNSEL

Cotchett, Pitre & McCarthy, Joseph W. Cotchett, Anne Marie Murphy and Eric J. Buescher for Petitioners Jerry B. Epstein and A. Redmond Doms.

Renne Sloan Holtzman Sakai, Louise H. Renne, Jeffrey Sloan, K. Scott Dickey, Steven P. Shaw and Steve Cikes for Petitioner Donald A. Casper.

No appearance for Respondent.

Mennemeier, Glassman & Stroud, Andrew W. Stroud, Margaret Carew Toledo, Kelcie M. Gosling and Landon D. Bailey for Real Parties in Interest.

Mary Maloney Roberts, William L. Kasley and Charles E. Perkins for Judicial Council of California, Administrative Office of the Courts as Amicus Curiae.

Paul Harris and Anne M. Giese for Service Employees International Union Local 1000 as Amicus Curiae.

OPINION

**RUSHING, P. J.**—Plaintiffs Jerry B. Epstein, A. Redmond Doms, and Donald A. Casper brought this action against the Governor, the Acting Director of the Department of General Services (Director), and the Department of General Services (Department), seeking to prevent the Department's sale and leaseback of 11 state office buildings pursuant to authority granted by the Legislature as a budget-balancing measure. (See Gov. Code, § 14670.13 (section 14670.13).) The trial court refused to preliminarily enjoin the sale, and plaintiffs petitioned this court for an extraordinary writ to compel the trial court to do so. We issued an order to show cause and stayed the sale pending further briefing. While the matter was pending, a new governor took office. When he and the other defendants filed their return, on February 10, 2011, they asserted that he had "terminated" the proposed sale as of February 9, 2011. On that basis they now contend that the present proceeding should be dismissed as moot. Plaintiffs insist that mootness has not been adequately

established, or that if it has, we should nonetheless address the merits. We reject these contentions, and will dismiss the present proceeding without prejudice.

## SUFFICIENCY OF SHOWING OF MOOTNESS

■ Defendants invoke the rule that an appellate proceeding will ordinarily be dismissed if it "involves only abstract or academic questions of law." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 749, p. 814.) "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events." (*Ibid.*)

Plaintiffs oppose the application of this rule on the ground, first, that defendants have supplied no "declarations or other admissible evidence confirming that the State will no longer move forward with the sale-leaseback transaction at issue." According to plaintiffs, "the State's only showing is a link to a web page containing a press release." This is an apparent reference to paragraph 42 of the return, where defendants allege, "On February 9, 2011, Governor Brown announced at a press conference that the State would not sell the eleven buildings that are the subject of this litigation. A press release confirming that the sale of the properties had been cancelled was also issued. A true and correct copy of the press release is available at http://gov.ca.gov/news.php?id=16903 [as of Mar. 30, 2011]." But plaintiffs' characterization overlooks the more direct allegation, immediately preceding the foregoing, in which defendants assert that "[o]n February 9, 2011, the sale of eleven State-owned buildings that is the subject of this litigation was terminated."

■ Plaintiffs' claim that defendants have not made a "competent" showing of the predicate facts also overlooks the most pertinent rule of law, which is that in writ proceedings, " 'affirmative allegations of the answer are to be taken as true, unless they are countervailed by pleading or proof presented by the petitioner; to this extent *the answer may be considered as if it were evidence.*' " (*Kimberlin v. Los Angeles City High School Dist.* (1953) 115 Cal.App.2d 459, 464 [252 P.2d 344], italics added, original italics omitted, disapproved on another point in *Conti v. Board of Civil Service Commissioners* (1969) 1 Cal.3d 351, 362 [82 Cal.Rptr. 337, 461 P.2d 617]; see 8 Witkin, Cal. Procedure (5th ed. 2008) Extraordinary Writs, § 202, p. 1106.) Defendants' return was, for these purposes, an "answer" to the petition. (See *id.*, § 197, p. 1100; Code Civ. Proc., § 1089; Cal. Rules of Court, rule 8.487(b)(1).) Plaintiffs have not attempted to controvert the cited allegations by pleading or proof. They have not so much as suggested that those allegations are false. They merely assert that defendants have not substantiated their allegations

with "competent" or "admissible" evidence. Under the foregoing principle, no such substantiation was required.

■     Plaintiffs briefly allude to the absence of "verified" evidence of defendants' intentions. This may be meant to suggest that the allegations cannot be accepted for the truth of their contents because none of the defendants verified their return. Ordinarily an answer to a petition for an extraordinary writ, like the petition itself, must be verified. (Code Civ. Proc., § 1089; Cal. Rules of Court, rule 8.487(b)(1).) However, no verification is required where an answering defendant is "the state, any . . . public agency, or . . . an officer of the state . . . in his or her official capacity, is defendant." (Code Civ. Proc., § 446, subd. (a); see *id.*, § 1109 [most civil pleading rules applicable to writ proceedings].) The return was filed on behalf of the Governor, another state officer, and a state department. Each of the answering defendants was thus entitled to file an unverified answer. And despite the absence of verification, that pleading is sufficient to establish the truth of its uncontroverted allegations under the rule cited above. (See *Elliott v. Contractors' State License Bd.* (1990) 224 Cal.App.3d 1048, 1054 [274 Cal.Rptr. 286] (*Elliott*); cf. *Trask v. Superior Court* (1994) 22 Cal.App.4th 346, 352, fn. 5 [27 Cal.Rptr.2d 425] (*Trask*).)[1]

Plaintiffs further contend that, assuming defendants have competently established their own intention not to proceed with the sale, they have failed to dispel the possibility that the state will "enter into a similar transaction . . . at some point in the future." Plaintiffs characterize defendants' statements as mere expressions of intention from which the state may retreat if, for example, the former buyer "threatens to initiate litigation." Indeed, they have brought to our attention a suit filed in the Superior Court of Los Angeles

---

[1] The court in *Trask, supra,* 22 Cal.App.4th at page 350, footnote 3, described *Elliott, supra,* 224 Cal.App.3d 1048, as holding only that "a public agency, unlike a private citizen, need not verify its answer to a verified petition (Code Civ. Proc., §§ 446, 1109) but may instead rebut the petitioner's allegations *by proof presented by way of declaration or at a hearing.*" (Italics added.) This seems a clear misreading of *Elliott, supra,* 224 Cal.App.3d at page 1054, which rejected the appellant's contention that "the allegations of the answer cannot constitute evidence because they were unverified." It also appears, from the *Trask* court's reference to the presentation of evidence "at a hearing," that the court was considering only the procedural setting of the matter before it—a writ petition filed in the first instance in the trial court—and not, as here, an original petition in a reviewing court. As Witkin observes, to the extent that the statutory procedure contemplates a trial of disputed facts, it is "singularly inappropriate for appellate courts, which are not equipped to try issues of fact." (8 Witkin, *supra,* Extraordinary Writs, § 203, p. 1106.) The only "hearing" ordinarily held is "a calendar hearing, i.e., an argument and not a trial." (*Ibid.*) For that reason, if the petitioner in an original proceeding in an appellate court intends to controvert the respondent's answer, he must do so in his written reply. If an issue of fact is then raised, the court must determine how to address it. (See *ibid.*) Here no issue of fact has been raised.

County seeking to compel the state to perform the contract or to recover damages for breach of contract or breach of covenant.[2]

■ The only ruling presently before this court is the trial court's denial of a preliminary injunction. A preliminary injunction is proper only if there is a substantial basis to suppose that the defendant, if not restrained, will *actually engage* in the conduct sought to be enjoined. Such an injunction "cannot issue in a vacuum based on the proponents' fears about something that may happen in the future. It must be supported by actual evidence that there is a realistic prospect that the party enjoined intends to engage in the prohibited activity." (*Korean Philadelphia Presbyterian Church v. California Presbytery* (2000) 77 Cal.App.4th 1069, 1084 [92 Cal.Rptr.2d 275]; see *City & County of S. F. v. Market St. Ry. Co.* (1950) 95 Cal.App.2d 648, 655 [213 P.2d 780], quoting *Schwartz v. Arata* (1920) 45 Cal.App. 596, 601 [188 P. 313] (*Schwartz*) [injunctive power should be exercised only when " 'the injury [is] impending and threatened, so as to be averted only by the protective preventive process of injunction' "].) Of course a defendant cannot automatically negate a threat that otherwise appears merely by disclaiming the present intention to carry it out. But here the chief executive of the state has solemnly averred and publicly announced that he has "terminated" the transaction plaintiffs sought to enjoin. Nothing in this record suggests "a reasonable probability" or even "a realistic prospect" that a sale is nonetheless "impending and threatened." (See *Schwartz, supra*, 45 Cal.App. at p. 601.)

■ It is true that the new lawsuit by the buyers raises the possibility that the state might ultimately be ordered to consummate the sale or that the Governor might elect to do so under the threat of such an order. However this is not such an imminent possibility as will justify entry of an injunction in this proceeding. At present there is no "realistic prospect" of any act by defendants altering the status quo. Should such an act again be threatened, there is no reason to doubt that the new lawsuit will present a forum at least equal to this one for a full airing of the questions raised. Indeed nothing in our dismissal, in and of itself, will foreclose further litigation of *this* case in the trial court. We hold only that the correctness of the trial court's denial of a preliminary injunction is a moot question in view of the state's voluntary abandonment of the challenged transaction. (See *National Assn. of Wine Bottlers v. Paul* (1969) 268 Cal.App.2d 741, 743, 746 [74 Cal.Rptr. 303] [challenge to agriculture director's marketing order was rendered moot by director's termination of order upon failure of majority of processors to assent to its continuation].)

---

[2] Plaintiffs have filed an "Emergency Request for Judicial Notice" placing before us a photocopy of a complaint entitled *California First v. California Dept. of General Services* (Super. Ct., L.A. County, No. BC457070). Defendants have filed a statement of nonopposition. We grant the request.

PUBLIC INTEREST EXCEPTION

█ Plaintiffs contend that we should decide the petition even if it is moot, because it "poses an issue of broad public interest that is likely to recur." They thus invoke one of the " ' "three discretionary exceptions" ' " we recently acknowledged " ' "to the rules regarding mootness: (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination [citation]." ' " (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088 [116 Cal.Rptr.3d 343], quoting *Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144 [18 Cal.Rptr.3d 417].)

The overall subject of this litigation—the character of the Legislature's power to effectuate the sale of state property through a state agency—is undoubtedly a subject of broad public interest. The specific controversy at issue—the proposed sale of major public buildings—is also a subject of broad public interest. Moreover it is true, in view of the new suit by the buyers, that the controversy over the sale is likely to remain alive in the courts for some time. To this extent it would seem that the conditions for deciding the merits, despite the technical mootness of the proceeding, are satisfied.

This approach, however, raises a serious difficulty: the absence from this proceeding of an interested, and seemingly necessary, party. California First, the would-be buyer under the moribund sale agreement, is not named as a defendant in the original complaint below or in intervener Casper's complaint in intervention. Nor is it named in the petition before us, as a real party in interest or otherwise. It appears that California First was served with some of the papers filed in this matter, beginning at least with the trial court's temporary restraining order, which the court ordered plaintiffs to serve on California First, and in which the court appeared to grant California First a right to file opposition to plaintiffs' motion for preliminary injunction. However, California First was under no obligation to voluntarily appear in a proceeding in which it had not been joined, and it apparently chose not to do so. As a result, it is in no sense a party to the present proceeding. (See *Tracy Press, Inc. v. Superior Court* (2008) 164 Cal.App.4th 1290, 1296–1297 [80 Cal.Rptr.3d 464] [city official not named in petition for appellate writ and not appearing in proceeding was not party].) Moreover, assuming California First was not a necessary party so long as the state was seeking to consummate their agreement, it has surely become a necessary party now. (See *id.* at p. 1300 [official was necessary party where her interests not "congruent" with joined public agency].) It presumably remains open to plaintiffs to attempt to

join California First as a defendant in the court below, or to seek to intervene or otherwise join California First's suit against the state, or perhaps to seek other relief. (See Code Civ. Proc., § 404 et seq.; Cal. Rules of Court, rules 3.500 et seq. [coordination of actions in different courts sharing issues of law or fact].) But it is not open to this court to determine California First's legal interests when no party before this court appears situated to protect them.

In sum, the present proceeding is moot insofar as it concerns the propriety of the order denying plaintiffs' request for a preliminary injunction. Insofar as the larger issues posed by the case are not moot, we decline to render an opinion on them in the absence of a necessary party.

#### DISPOSITION

The petition is dismissed without prejudice. The order to show cause is discharged. Each party will bear its own costs.

Premo, J., and Elia, J., concurred.