Filed 7/7/14  Thomson v. Bacchus CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MISTY THOMSON, | B244144 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SS022421) |
| v. | |
| HAROUN BACCHUS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James K. Hahn, Judge.  Dismissed as moot.

Haroun Bacchus, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

——————————————

Defendant and appellant Haroun Bacchus (Bacchus), in propria persona, appeals a July 24, 2012 order granting a request by plaintiff and respondent Misty Roberts Thomson (Thomson) for a restraining order.[1] [2]

The restraining order, by its terms, expired on July 24, 2013. Because this court cannot provide effective relief from the expired restraining order, the appeal is dismissed as moot.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2012, Thomson filed a request for a civil harassment restraining order against Bacchus.

Thomson alleged, inter alia: She and her husband shared a Santa Monica apartment with Bacchus. In June 2011, she obtained a 100-yard restraining order against Bacchus. The order expired "a couple of months ago and he no longer lives with us but he continues to pay rent and is still on the lease. He stops in for a few minutes once a week and is hostile every time." Thomson stated she was fearful for her safety in that Bacchus acted aggressively and physically obstructed her with his body.

On July 2, 2012, the trial court issued a temporary restraining order, to remain in effect until the court hearing, scheduled for July 24, 2012.

Bacchus filed a written response, denying he had been hostile and asserting he had given Thomson and her husband a lot of space by staying with relatives. Bacchus also indicated the subject apartment was rent-controlled, he had lived there a long time and it was his only residence.

On July 24, 2012, the matter came on for hearing. The trial court issued a *one-year* restraining order directing Bacchus to stay at least 20 feet away from the apartment,

---

[1]    An order granting a restraining order is appealable. (Code Civ. Proc., § 904.1, subd. (a)(6).)

[2]    Thomson declined to file a brief.

[3]    We requested Bacchus to show cause why the appeal should not be dismissed for mootness.

2

from Thomson, and from her husband. The order stated it would expire at midnight on July 24, 2013.

On August 23, 2012, Bacchus filed a motion to dissolve the July 24, 2012 restraining order, on the ground, inter alia, Thomson's testimony was not credible.

On September 25, 2012, the motion to dissolve the July 24, 2012 restraining order was transferred to another department, was heard, and was denied.

On September 18, 2012, Bacchus filed notice of appeal from the July 24, 2012 restraining order.

## CONTENTIONS

Bacchus contends: the ex parte proceeding on July 2, 2012 was not valid because no harm or immediate danger existed at the time for granting a temporary restraining order; Thomson's declarations and testimony showed the incident was a fabrication and no substantial evidence supported the trial court's decision; judicial responsibilities include understanding the law and properly applying it; and both judges erred in their decision making and failed to recognize prior filings with the court.

## DISCUSSION

1. *Mootness.*

   a. *General principles*.

Events occurring after a notice of appeal is filed can render the appeal moot and subject to dismissal on the court's own motion. (*City of Hollister v. Monterey Insurance Co.* (2008) 165 Cal.App.4th 455, 479-480). An appeal is moot when the occurrence of an event makes it impossible for the appellate court to grant effective relief. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541 (*Eye Dog*); *Mercury Interactive Corporation v. Klein* (2007) 158 Cal.App.4th 60, 77-78; *Santa Monica Baykeeper v. City of Malibu* (2011) 193 Cal.App.4th 1538, 1547.) Where the relief granted by the trial court is temporal and expires by the time the appeal can be heard, as here, the appeal may be rendered moot and subject to dismissal. (*Environmental Charter High School v. Centinela Valley Union High School District* (2004) 122 Cal.App.4th 139, 144.)

3

The policy behind the mootness doctrine is that courts decide actual controversies and normally will not render opinions that are merely advisory. (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1179.)  But there are three discretionary exceptions to this rule under which a reviewing court may exercise discretion to decide an appeal on the merits despite events mooting it. (*Epstein v. Superior Court* (2011) 193 Cal.App.4th 1405, 1411.)  These are:  when a case poses an issue of broad public interest and is likely to recur (*Edelstein v. City & County of San Francisco* (2002) 29 Cal.4th 164, 172); when the same controversy is likely to recur between the parties (*City of Hollister v. Monterey Insurance Co., supra,* 165 Cal.App.4th at p. 480; *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498); and when a material question remains between the parties despite mooting events (*Eye Dog, supra,* 67 Cal.2d at p. 541*; County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1006).

   b. *Exceptions to mootness doctrine are inapplicable.*

The various exceptions to the mootness doctrine, set forth *ante*, do not apply.

The issues in this appeal, which are necessarily dependent on the facts in this particular case, do not rise to the level of broad public interest or importance.

In the event of any subsequent dispute between Bacchus and Thompson, that would be a new matter which would be governed by the facts and legal principles applicable thereto.

Further, it does not appear that material questions remain between the parties at this juncture, with respect to the July 24, 2012 restraining order, despite said restraining order having expired.

Bacchus's supplemental letter brief contends the appeal is not moot because the trial court, on August 7, 2013, issued an order renewing the restraining order for one year, through August 7, 2014.  Said order was issued on August 7, 2013 following a live hearing at which both the protected person and the restrained person were present.  On September 20, 2013, Bacchus filed a new notice of appeal, specifying the August 7, 2013 restraining order.  (No. B251514.)

4

However, we cannot, in the instant appeal (No. B244144) provide effective relief from the restraining order which expired on July 24, 2013. The subsequent restraining order, issued August 7, 2013 with an expiration date of August 7, 2014, is beyond the scope of this appeal.

In sum, the July 24, 2012 civil restraining order against Bacchus, which order is the subject of this appeal, expired on July 24, 2013. Given the expiration of the operative restraining order, this court cannot provide effective relief from said order. Neither an affirmance nor a reversal of the July 24, 2012 order would affect the substantive rights of the parties. Therefore, the appeal shall be dismissed as moot.

## DISPOSTION

The appeal from the July 24, 2012 restraining order is dismissed as moot. No costs are awarded.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

KITCHING, J.

ALDRICH, J.

5