Filed 8/24/15  Carpenter v. Pavich CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CHRISTOPHER CARPENTER, | B256398 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YS025884) |
| v. | |
| MICHAEL PAVICH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Slawson, Judge.  Dismissed.

Long Beach Legal, John C. Feely and Joseph F. Nowicki for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## INTRODUCTION

Michael Pavich appeals from a civil harassment order that temporarily restrained him from harassing, contacting, or going near his nephew, Christopher Carpenter. The order expired while this appeal was pending. We dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Carpenter, Pavich's nephew, lived in a house owned by a trust for which Pavich served as the trustee. A dispute arose over whether Carpenter lawfully resided in the house, and Pavich threatened to evict his nephew. Pavich sent at least three letters threatening to take legal action if Carpenter did not vacate the property. Pavich also changed some of the locks on the house without notifying Carpenter and verbally threatened to remove Carpenter and his belongings if he did not leave.

Carpenter filed a request for a temporary civil harassment restraining order against Pavich pursuant to Code of Civil Procedure section 527.6, and the trial court held a hearing on April 9, 2014. The court issued a one-year restraining order precluding Pavich from harassing or contacting Carpenter and requiring Pavich to stay at least 100 yards from Carpenter and the house except for times when Pavich needed to visit the property as the property manager. The order expired on April 9, 2015, while this appeal was pending. We conclude that Pavich's appeal is moot.

## DISCUSSION

An appeal is moot where, through no fault of the respondent, an event occurs that renders it impossible for the reviewing court to provide the appellant effective relief. (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179.) "'If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot.'" (*City of Monterey v.*

2

*Carrnshimba* (2013) 215 Cal.App.4th 1068, 1079.) A reviewing court, however, may exercise its discretion to hear a case that is otherwise moot in one of three circumstances: (1) the case raises an issue of broad public interest, (2) the conduct leading to the underlying action is likely to recur, or (3) a material question remains for the court to decide. (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088 (*Malatka*); see *Epstein v. Superior Court* (2011) 193 Cal.App.4th 1405, 1411.) None of these circumstances exist here.

We asked the parties to submit supplemental briefs addressing whether Pavich's appeal is moot in light of the fact that the restraining order expired during the pendency of this appeal. In response, Pavich asserts that the appeal is not moot because he works for a government contractor who regularly performs background checks, and because the restraining order might negatively impact his employment in the future.

Pavich's goal of removing the restraining order from the public record does not fall within any of the discretionary exceptions to the rules regarding mootness. Pavich does not argue that this case raises an issue of public concern, and he does not assert that there is a likelihood that the underlying conduct will recur. Pavich suggests that the case is not moot because there is a "material question" remaining about the effect of the now-expired restraining order, but this concern does not amount to a "material question" that would warrant hearing an appeal that is otherwise moot.

A material question exists when "the judgment, if left unreversed, would preclude a party from litigating its liability on an issue still in controversy." (*Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 205.) For example, a material question existed where a temporary restraining order issued against a parent in a dependency case had expired before the Court of Appeal could hear the appeal from that order because the restraining order could have formed a basis for adverse orders against the same parent in future proceedings. (*In re Cassandra B.* (2004) 125 Cal.App.4th 199, 209; see *City of Monterey v. Carrnshimba, supra,* 215 Cal.App.4th at p. 1079.) There is no such concern here. The only issue before the trial court was whether the evidence of Pavich's conduct was sufficient to support an order issuing a temporary civil harassment restraining order.

3

There are no other issues that an unreversed judgment could affect or preclude Pavich from litigating.

Finally, it is true that seeking to clear one's name or record can be an exception to application of the mootness doctrine in a criminal case. (See *Malatka*, *supra*, 188 Cal.App.4th at p. 1088 [describing the three discretionary mootness exceptions in a civil case]; cf. *People v. Succop* (1967) 67 Cal.2d 785, 790 ["defendant is entitled to the opportunity to clear his name of the adjudication that he is a probable mentally disordered sex offender"]; *People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368-1369 ["[a] criminal case should not be considered moot where a defendant has completed a sentence where, as here, the sentence may have 'disadvantageous collateral consequences'"]; *People v. Delong* (2002) 101 Cal.App.4th 482, 484 [criminal defendant's appeal not moot where the defendant complied with the terms of her probation, including completing drug treatment program, and she was "entitled to an opportunity to clear her name and rid herself of the stigma of criminality"].) Such an exception, however, does not exist in the civil context.

## DISPOSITION

The appeal is dismissed as moot. Each party is to bear his costs.

SEGAL, J.

We concur:

PERLUSS, P. J.

ZELON, J.

4