Filed 7/5/16  Stop Animal Exploitation Now v. Santa Cruz Biotechnology CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| STOP ANIMAL EXPLOITATION NOW,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SANTA CRUZ BIOTECHNOLOGY, INC.,<br><br>    Defendant and Appellant. | H039770<br>(Santa Cruz County<br>Super. Ct. No. CV176022) |

Plaintiff Stop Animal Exploitation Now appeals the judgment entered after a demurrer to its complaint under the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) was sustained without leave to amend.  Defendant Santa Cruz Biotechnology, Inc. cross-appealed to challenge plaintiff's standing.  Plaintiff claims the trial court abused its discretion when, based on a then-pending federal investigation and enforcement action, it equitably abstained from adjudicating the merits of the allegations of animal cruelty constituting an unlawful business practice.  In light of the conclusion of the federal action and the parties' acknowledgement that defendant will no longer conduct research related to animals protected by the federal Animal Welfare Act (7 U.S.C. § 2131 et seq.), we will find that the appeal and cross-appeal are moot regarding plaintiff's allegations related to those animals.  However, we will reverse the judgment to allow plaintiff leave to amend because there is a reasonable possibility plaintiff can state a cause of action related to animals not protected by the Animal Welfare Act.

# I. TRIAL COURT PROCEEDINGS

Plaintiff is a non-profit animal welfare organization dedicated to "ending the abuse of animals in research laboratories ... ." According to plaintiff's complaint, defendant is a corporation that operates an animal research facility using goats and rabbits. Plaintiff's complaint was based on inspection reports of defendant's facility prepared by the Animal and Plant Health Inspection Service (APHIS), a federal agency within the United States Department of Agriculture (USDA) responsible for enforcing the federal Animal Welfare Act. The complaint detailed allegedly cruel actions taken against several specific goats and alleged more generally that "critically ill goats and rabbits were denied veterinary care and rabbits were routinely euthanized in buckets." The complaint also contained broader allegations about animals based on plaintiff's information and belief.

Plaintiff's single cause of action alleged defendant "engaged in unlawful and unfair conduct by: (a) administering improper medical treatment to unhealthy animals, (b) overdrawing blood from animals, (c) harvesting blood from unhealthy animals, (d) employing procedures insufficient to monitor animal health, and (e) maintaining inadequate medical records." According to plaintiff, defendant's business practices were unlawful because they constituted animal cruelty under the Penal Code, and providing inadequate care to animals gave defendant a competitive advantage over its competitors. (Citing Pen. Code, §§ 597, subd. (b), 597.1, subd. (a)(1), 597f, subd. (a).) Plaintiff sought a permanent injunction preventing defendant from: "a. Maintaining inadequate medical records for unhealthy animals; [¶] b. Overdrawing blood from animals; [¶] c. Harvesting blood from unhealthy animals; [¶] d. Inadequately monitoring the health of animals under its care and custody; and [¶] e. Providing improper medical treatment to unhealthy animals."

Defendant demurred, arguing: plaintiff lacked standing under the Unfair Competition Law (UCL); the complaint was preempted by the Animal Welfare Act; the court should abstain from deciding the case in deference to USDA jurisdiction; and,

2

alternatively, that the court should stay the case under the primary jurisdiction doctrine until the USDA enforcement action was resolved.  Defendant asked the court to exercise its discretion to abstain from deciding the case, arguing that a decision would interfere with a USDA administrative enforcement action pending against defendant.  At a hearing on the demurrer, the court determined that plaintiff had standing.  However, the court found equitable abstention appropriate based on the difficulty of "animal-by-animal" enforcement of the Penal Code sections at issue (both in establishing violations of the UCL and in enforcing any injunctive relief), acknowledging that these actions are generally "taken care of ... by referral to the appropriate agency ... [or] the district attorney," and noting that a USDA administrative action was pending against defendant for the same conduct alleged in the complaint.  Based on that abstention finding, the court sustained the demurrer without leave to amend and entered judgment for defendant.

Plaintiff appealed the judgment and defendant cross-appealed to challenge plaintiff's standing.  Plaintiff defends the trial court's standing finding, but argues the trial court abused its discretion by abstaining from deciding the case on the merits.

## II.    DISCUSSION

### A. MOOTNESS

#### 1.  Scope of Trial Court Proceedings

Plaintiff asserts on appeal that its complaint "encompasses *all* animals at [defendant's facility], which include[s] rats, mice, and other animals excluded by the [Animal Welfare Act]," and alternatively requests leave to amend its complaint to the extent we find those animals are not covered by the complaint.  (Italics in original.)

The factual allegations in the complaint are based on APHIS inspection reports and the only species specifically identified in the complaint are goats and rabbits.  On the issue of standing, the complaint alleges that plaintiff began investigating defendant when plaintiff learned through a Freedom of Information Act (5 U.S.C. § 552 et seq.) request that "critically ill goats and rabbits were denied veterinary care" at defendant's facility.

3

At the hearing on the demurrer, although plaintiff referred generally to animals, plaintiff did not argue against abstention based on the protection of species not covered by the Animal Welfare Act.  To the contrary, plaintiff's argument assumed that the USDA could enforce the Animal Welfare Act against defendant but that the USDA's jurisdiction did not preclude plaintiff from proceeding simultaneously under state law.  Plaintiff alternatively requested that the court stay the proceedings until completion of the USDA investigation if the court was inclined to see how the USDA resolved those proceedings.

Mice and rats "bred for use in research" are not protected under the Animal Welfare Act.  (7 U.S.C. § 2132(g).)  Had plaintiff intended to focus its case against defendant to encompass mice and rats at defendant's facility, plaintiff could have argued below that abstention was inappropriate as to those species because there was no administrative enforcement mechanism with which the trial court would be interfering.  But notwithstanding plaintiff's broad reference to defendant's treatment of "animals" in its UCL cause of action, the proceedings in the trial court relating to equitable abstention focused on the scope and effect of the USDA's then-pending enforcement action, which was necessarily limited to animals within the Animal Welfare Act.

### 2.  The Appeal is Moot as to Animals Protected by the Animal Welfare Act

Generally, "when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered." (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.)  However, "courts have not hesitated to consider postjudgment events when," among other things, "subsequent events have caused issues to become moot." (*Ibid.*)  "A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief.' " (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 (*MHC*).)

4

We requested supplemental briefing on the appropriateness of taking judicial notice of a USDA consent decision and order that resolved three Animal Welfare Act docket numbers associated with defendant. (Gov. Code, § 68081; Evid. Code, §§ 455, subd. (a); 459, subd. (c).) Both parties acknowledge that we have discretion to take judicial notice of that consent decision as an official act of the executive department of the United States. (Evid. Code, § 452, subd. (c).) We therefore take judicial notice of that consent decision.

Our supplemental briefing request also asked the parties to discuss the effect, if any, that the consent decision has on this appeal. Defendant notes that the consent decision "requires [defendant] to cease functioning as a 'research facility' under the [Animal Welfare Act] as of May 31, 2016," meaning that defendant "will no longer use goats and rabbits for research." Plaintiff similarly notes that the terms of the consent decision require defendant to "cease operating as a research facility (as that term is defined by the [Animal Welfare Act]) and request cancellation of its registration as a research facility, effective May 31, 2016." The parties thus agree that animals protected by the Animal Welfare Act will no longer be used for research at defendant's facility as a result of the consent decision.

As plaintiff acknowledges, "the case is seemingly moot, because [defendant] will no longer be working with [Animal Welfare Act]-regulated animals." Plaintiff nonetheless urges this court to exercise its discretion to address the merits of the case as presenting an issue of public interest that is likely to recur, citing *Epstein v. Superior Court* (2011) 193 Cal.App.4th 1405, 1411 [courts have discretion to decide otherwise moot case " 'when the case presents an issue of broad public interest that is likely to recur' "].

The USDA enforcement action is concluded. Based on the resulting federal consent decision, the parties agree that goats and rabbits will no longer be the subject of research at defendant's facility. Consequently, any opinion issued by this court

5

concerning animals that are no longer being used at defendant's facility—including plaintiff's standing to seek the relief it requested—would " 'have no practical impact' " and would not provide the parties any " 'effectual relief.' " (*MHC*, *supra*, 106 Cal.App.4th at p. 214.) We decline to issue what would effectively be an advisory opinion as to the appeal and cross-appeal challenging the trial court's order sustaining the demurrer. We will, however, consider the issue of whether plaintiff should be given an opportunity to amend the complaint.[1]

## B. LEAVE TO AMEND

Plaintiff urges that if the complaint is understood as focusing only on goats and rabbits, we should reverse and remand with instructions to grant leave to add allegations about other species. Plaintiff bears the burden to show a "reasonable possibility" that an amendment would cure any defect in the complaint. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; Code Civ. Proc., § 472c, subd. (a) ["When any court makes an order sustaining a demurrer without leave to amend the question as to whether ... such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made."].)

The trial court's decision to abstain was based largely on its hesitance to "perform the job of being an administrative agency," observing that "the United States Department of Agriculture is presently investigating" defendant. Plaintiff seeks leave to amend to add specific allegations about species at defendant's facility that are not protected under

---

[1] Plaintiff has requested judicial notice of defendant's response to certain document requests propounded by plaintiff in discovery. Plaintiff contends that defendant's discovery response is relevant to show that defendant understood the word "animal" as used in the complaint to broadly include rats and mice, not just goats and rabbits. (Citing *Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 485.) We deny plaintiff's request for judicial notice. The portion of defendant's discovery response relied on by plaintiff is defendant's *objection* to a definition of "animal" that was apparently contained in plaintiff's document requests, not a substantive response. Defendant's objection does not demonstrate whether defendant understood the complaint to include rats and mice.

the Animal Welfare Act and are therefore not within USDA jurisdiction, including mice and rats bred for use in research. (7 U.S.C. § 2132(g).) Such an amendment would negate one of the main bases for the trial court's decision to abstain.[2] Plaintiff has thus demonstrated a reasonable possibility that amending its complaint to add specific allegations about species other than goats and rabbits would resolve the issue that led the trial court to abstain. While we find plaintiff has met its burden to obtain leave to amend, we express no opinion regarding plaintiff's standing under an amended complaint or the merits of any amendment. We leave resolution of those issues to the trial court on remand.

## III.    DISPOSITION

The judgment is reversed and the matter is remanded for the trial court to enter a new order sustaining the demurrer with leave to amend to add allegations about species outside the scope of the Animal Welfare Act. Each party shall bear its own costs on appeal.

---

[2] Though the trial court also based its abstention on the potential burden of enforcing injunctive relief, it did not have occasion to determine whether that basis, standing alone, would be adequate to support abstention.

7

_____

Grover, J.


**WE CONCUR:**


_____

Bamattre-Manoukian, Acting P.J.


_____

Márquez, J.


*Stop Animal Exploitation Now v Santa Cruz Biotechnology, Inc.*
**H039770**