Filed 7/19/16  Johnson v. Taylor CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| BRENDA JOHNSON, | C078153 |
| Plaintiff and Respondent, | (Super. Ct. No. 14CH40332) |
| v. | |
| MICHAEL SCOTT TAYLOR, | |
| Defendant and Appellant. | |

Defendant Michael Scott Taylor appeals from a civil harassment restraining order that temporarily restrained him from harassing, contacting, or going near his ex-wife, plaintiff Brenda Johnson.  After Taylor filed his notice of appeal but before he filed his brief on appeal, the restraining order expired by its own terms.  We dismiss the appeal as moot.

Courts decide actual controversies and normally will not render opinions that are merely advisory.  (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179.)  An appeal is moot where, through no fault of the respondent, an event occurs that renders it impossible for the reviewing court to provide the appellant effective

1

relief. (*Ibid*.) "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot." (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.) A reviewing court, however, may exercise its discretion to hear a case that is otherwise moot in one of three circumstances: (1) the case raises an issue of broad public interest, (2) the conduct leading to the underlying action is likely to recur, or (3) a material question remains for the court to decide. (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088 (*Malatka*); see *Epstein v. Superior Court* (2011) 193 Cal.App.4th 1405, 1411.) None of these circumstances exists here.

We asked the parties to submit supplemental briefs addressing whether Taylor's appeal is moot in light of the fact that the restraining order expired during the pendency of this appeal. In response, Taylor asserts that the appeal is not moot because of the stigma attached to it.[1]

Taylor's goal of removing the restraining order from public record does not fall within any of the discretionary exceptions to the rules regarding mootness. He has not established that this case raises an issue of public concern, nor has he established that there is a likelihood that the underlying conduct will recur or that a material question remains for the court to decide. (See *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 205.)

It is true that seeking to clear one's name or record can be an exception to the application of the mootness doctrine in a criminal case. (See *Malatka*, *supra*, 188 Cal.App.4th at p. 1088 [identifying three discretionary mootness exceptions in a civil

---

[1] Taylor also complains of the temporary restrictions (such as ability to travel and carry a firearm) the restraining order placed upon him, but those, of course, are no longer in effect since the restraining order has expired. Thus, they do not assist Taylor in establishing the appeal is not moot.

case]; cf. *People v. Succop* (1967) 67 Cal.2d 785, 790 ["defendant is entitled to the opportunity to clear his name of the adjudication that he is a probable mentally disordered sex offender"]; *People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368–1369 ["[a] criminal case should not be considered moot where a defendant has completed a sentence where, as here, the sentence may have 'disadvantageous collateral consequences' "]; *People v. DeLong* (2002) 101 Cal.App.4th 482, 484 [criminal defendant was "entitled to an opportunity to clear her name and rid herself of the stigma of criminality" after complying with the terms of probation, rendering appeal not moot].)  Such an exception, however, does not exist in the civil context.

## DISPOSITION

The appeal is dismissed as moot.  Each party is to bear his or her own costs.  (Cal. Rules of Court, rule 8.278(a)(5).)


                                                                   _____RAYE_____, P. J.


We concur:


_____NICHOLSON_____, J.


_____HULL_____, J.

3